## EXHIBIT A

### Agreement to Be Appointed as the Independent Fiduciary

(see attached)

## AGREEMENT TO BE APPOINTED AS INDEPENDENT FIDUCIARY

1. Northeast Retirement Services ("NRS"), 4A Gill Street, Woburn, MA 01801 hereby agrees to be appointed as the Trustee and Independent Fiduciary for the Gagne Precast Concrete Products, Inc. Employee Stock Ownership Plan ("Gagne ESOP") and the Frank L. Woodworth, Inc. Employee Stock Ownership Plan ("FLW ESOP", collectively Gagne ESOP and FLW ESOP hereinafter referred to as, the "Plans") in accordance with (a) the Consent Order by and between Stephen Thomas and Hilda S. Solis, Secretary of Labor (the "Secretary"), which resolves all matters in controversy in civil case number 1:11-cv-00326-JEJ filed by the Secretary against Stephen Thomas in the United States District Court for the Middle District of Pennsylvania pertaining to the Gagne ESOP and (b) the Settlement Agreement by and between Stephen Thomas and the Secretary executed concurrently therewith and pertaining to the FLW ESOP. The Independent Fiduciary shall have the following powers, duties responsibilities:

    a. The Independent Fiduciary shall have responsibility and authority for administering and terminating the Plans. Such administration and termination shall be made in accordance with the Plans' existing governing documents. In carrying out its responsibilities hereunder, the Independent Fiduciary shall follow the applicable guidance provided under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.*, ("ERISA"), and the Internal Revenue Code (the "Code"). Unless otherwise informed by the Court, the Independent Fiduciary shall assume that the Plans are "Qualified" plans, exempt from taxation under the Code.

    b. The Independent Fiduciary's responsibilities and authority with respect to the Plans shall include, but not be limited to: (i) allocating semi-annual payments made by Stephen Thomas to the Gagne ESOP and FLW ESOP in accordance with the Payment Plan

attached as Exhibit B to the Consent Order and Settlement Agreement; (ii) communicating with the participants regarding the Plans and their disbursal options; (iii) calculating the participants' account balances and determining all questions of eligibility for and amount of the Plans' benefits; (iv) working with the Plans' custodians to make benefit disbursements and withholding and remitting the appropriate taxes thereon; (v) liquidating the Plans' assets; (vi) terminating the Plans; (vii) complying with the appropriate records retention requirements of ERISA; (viii) adopting such rules and procedures as are helpful or necessary to carrying out its duties; and (ix) filing appropriate documents if required with the Internal Revenue Service and Department of Labor.

   c. The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate the participants or beneficiaries of the Plans who are eligible to receive a payment under the terms of the Plans and to disburse to such eligible participants or beneficiaries the payment to which he or she is entitled; provided, however that the Independent Fiduciary may rely upon the procedures for locating lost participants that are described in Field Assistance Bulletin 2004-02 of the Employee Benefits Security Administration, entitled "Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans."

   d. The Independent Fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control including that information contained in the records of the Plans' custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets. The Independent Fiduciary may rely on any document, certificate, statement or other written representation made in the Plans' records, by Stephen Thomas, or by Blue Ridge ESOP Associates, that the Independent Fiduciary in good faith believes to be genuine, and or any certificate, statement, report or other representation made to it by any agent, attorney, accountant

or other expert retained by the Independent Fiduciary in connection with the liquidation and termination of the Plans.

   e. For the services performed pursuant to this Consent Order, the Independent Fiduciary shall receive compensation from Stephen Thomas in the annual amount of $2,500 for fees plus actual expenses. Actual expenses shall not exceed $700 annually. The Independent Fiduciary shall invoice Stephen Thomas annually or semi-annually for payment of such fees and expenses.

   f. The Independent Fiduciary shall not be responsible for the following activities:

    (i) examining the entire history of the Plans' operations for instances of noncompliance with applicable law;

    (ii) identifying or collecting overpayments that may have been made by the Plans prior to NRS' acceptance of office;

    (iii) involving the Plans in bankruptcy or other judicial or administrative proceedings applicable to the Plans' sponsors or any of its affiliates;

    (iv) initiating suit or attempting to locate and collect amounts from prior fiduciaries; or

    (v) amendment of the Plans for compliance with applicable law.

   g. With respect to omissions or errors that occurred, or are logically attributable to events that occurred, prior to the effective date of this Consent Order, the Independent Fiduciary shall not be liable for (i) any fines or penalties imposed by a governmental entity or agency of competent jurisdiction, (ii) restoration of missed profits, (iii) losses incurred, or (iv) judgments.

  2. The Independent Fiduciary's appointment shall become effective on the date that the Consent Order is entered. The Independent Fiduciary's appointment shall terminate upon the first to occur of: (i) the removal of the Independent Fiduciary from that office by the Court, (ii)

the resignation of the Independent Fiduciary from that office provided that the Independent Fiduciary finds an acceptable replacement Independent Fiduciary and, with notice to the Regional Director of the Employee Benefits Security Administration of the U.S. Department of Labor, John F. Kennedy Federal Building, Room 575, Boston, Massachusetts 02203, moves this Court to have the replacement Independent Fiduciary appointed; or (iii) Stephen Thomas's payment of the full Gagne ESOP Principal Amount and full FLW ESOP Principal Amount as defined in the Consent Order and Settlement Agreement, and all accrued interest due to the Plans pursuant to Section 5(c) of the Consent Order and Section 7(c) of the Settlement Agreement, the liquidation and distribution of the Plans' assets and the completion of all related tasks.

NRS agrees to be appointed Independent Fiduciary of the Gagne ESOP and the FLW ESOP, and to carry out the responsibilities as set forth above and ordered by the Court.

_____          Date: 10/31/11
Thomas Forese, Jr.
Northeast Retirement Services
4A Gill Street
Woburn MA 01801

Subscribed and sworn to before me this
31 day of October 2011

_____
Notary Public
My Commission expires June 24, 2013