**<u>EXHIBIT B</u>**

<u>Payment Plan</u>

(see attached)

## EXHIBIT B

Payment Plan

This "Payment Plan," as set forth below, is incorporated into (a) the Consent Order by and between Stephen Thomas and the Secretary which resolves all matters in controversy in civil case number 1:11-cv-00326-JEJ filed by the Secretary against Stephen Thomas in the United States District Court for the Middle District of Pennsylvania pertaining to the Gagne ESOP and (b) the Settlement Agreement by and between Stephen Thomas and the Secretary executed concurrently therewith and pertaining to the FLW ESOP. This Payment Plan is fully enforceable as part of said Consent Order, with respect to the Gagne ESOP only, and said Settlement Agreement, with respect to the FLW ESOP only. All capitalized terms used in this Payment Plan and not defined herein shall have the meaning ascribed to them in the Consent Order and the Settlement Agreement.

The Secretary has agreed to the Payment Plan based upon a review of a financial affidavit made by Stephen Thomas on August 19, 2011 and signed under the pains and penalties of perjury under 28 U.S.C. § 1746. If the Secretary discovers that said financial affidavit includes any misrepresentations, material omissions or material inaccuracies, or if the Secretary discovers that Stephen Thomas has fraudulently conveyed money, property or goods to anyone else to avoid disclosure on said financial affidavit, then all outstanding amounts due under the Consent Order and Settlement Agreement shall become immediately due and owing.

1.      The term "Annual Gross Income" as used in this Payment Plan shall mean the sum of all of the following for Stephen Thomas for each specific calendar year:

a)    adjusted gross income as defined in the Internal Revenue Code for the filing of federal personal income taxes.

b)    PLUS all cash and cash equivalent bequests, legacies or inheritances to the extent that the same exceed One Thousand Five Hundred and 00/100 Dollars ($1,500.00) in value; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(b).

c)    PLUS all cash and cash equivalent gifts received by Stephen Thomas to the extent that the same exceed One Thousand Five Hundred and 00/100 Dollars ($1,500.00) in value; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(c).

d)    PLUS all proceeds from the sale or refinancing of any real property owned by Stephen Thomas; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(d).

e)    PLUS all other income received by Stephen Thomas from any source, foreign or domestic, including but not limited to winnings, off-shore investments, bartering for services, sales of assets, proceeds from life insurance, settlements, proceeds or distributions from trusts, and any other income received; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(e).

f)    PLUS fifty percent (50%) of any net proceeds from the sale or refinancing of the residence and/or real property located at 105 Autumnwood Avenue, York, Pennsylvania 17404; provided, however, that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(f).

2.      Stephen Thomas agrees that he will not employ his spouse with any business or Associated Entity in which he possesses an ownership and/or beneficial interest. For the purposes of this Payment Plan, "Associated Entity" shall mean any corporation, limited liability company, partnership, trust, or other business association or entity in which Stephen Thomas holds an ownership interest, or any other beneficial interest, for which Stephen Thomas serves as an officer, trustee, director, member, or manager, or which employs Stephen Thomas.

3.      Stephen Thomas shall make payments to the Independent Fiduciary as follows:

a)      During the period commencing on December 31, 2011 and ending on June 30, 2016, Stephen Thomas shall pay the following amounts on each Installment Payment Date (as defined in Section 4 below):

| Annual Gross Income for previous calendar year | Payment amount due on each Installment Payment Date |
|---|---|
| $0 - $75,000.00 | $4,500.00 |
| $75,000.01 - $100,000.00 | + 7% of Annual Gross Income between $75,000.01 and $100,000.00 for the previous calendar year |
| $100,000.01 - $150,000.00 | + 10% of Annual Gross Income between $100,000.01 and $150,000.00 for the previous calendar year |
| Above $150,000.01 . | + 15% of Annual Gross Income over $150,000.01 for the previous calendar year |
|  | = Total payment due on each Installment Payment Date |

For the purposes of illustration, pursuant to Section 3(a) of this Payment Plan, if Stephen Thomas's Annual Gross Income in calendar year 2011 is $200,000, then Stephen Thomas shall pay the following amounts on each Installment Payment Date (as defined in Section 4 below) in calendar year 2012:

| Calculation of payment amount due on each Installment Payment Date | Comment |
|---|---|
| $4,500.00 | $4,500.00 is the minimum payment amount. This amount is due for Stephen Thomas's Adjusted Gross Income between $0 and $75,000.00. |
| + $1,750.00 | $1,750.00 = ($100,000.00 - $75,000.01 = $24,999.99) * 7%; This amount is due for Stephen Thomas's Adjusted Gross Income between $75,000.01 and $100,000.00. |
| + $5,000.00 | $5,000.00 = ($150,000.00 - $100,000.01 = $49,999.99) * 10%; This amount is due for Stephen Thomas's Adjusted Gross Income between $100,000.01 and $150,000.00. |
| + $7,500.00 | $7,500.00 = ($200,000.00 - $150,000.01 = $49,999.99) * 15%; This amount is due for Stephen Thomas's Adjusted Gross Income between $150,000.01 and $200,000.00. |
| = $18,750.00 | Total payment due on each Installment Payment Date |

b)    During the period commencing on July 1, 2016 and ending on the date that the Gagne ESOP Principal Amount and the FLW ESOP Principal Amount, plus all accrued interest (as set forth in Section 5(c) of the Consent Order and Section 7(c) of

the Settlement Agreement) are paid in full, Stephen Thomas shall pay the following amounts on each Installment Payment Date (as defined in Section 4 below):

| Annual Gross Income for previous calendar year | Payment amount due on each Installment Payment Date |
|---|---|
| $0 - $150,000.00 | $19,500.00 |
| Above $150,000.01 | + 15% of Annual Gross Income over $150,000.01 for the previous calendar year |
|  | = Total payment due on each Installment Payment Date |

For the purposes of illustration, pursuant to Section 3(b) of this Payment Plan, if Stephen Thomas's Annual Gross Income in calendar year 2017 is $200,000, then he shall pay the following amounts on each Installment Payment Date in calendar year 2018:

| Calculation of payment amount due on each Installment Payment Date | Comment |
|---|---|
| $19,500.00 | $19,500.00 is the minimum payment amount. This amount is due for Stephen Thomas's Adjusted Gross Income between $0 and $150,000.00. |
| + $7,500.00 | $7,500.00 = ($200,000.00 - $150,000.01 = $49,999.99) * 15%; This amount is due for Stephen Thomas's Adjusted Gross Income between $150,000.01 and $200,000.00. |
| = $27,000.00 | Total payment due on each Installment Payment Date |

c) The payment amounts set forth in Sections 3(a) and 3(b) above represent the minimum payments due on each Installment Payment Date (as defined in Section 4 below). Stephen Thomas may, in his own discretion, elect to prepay any amount due under the Consent Order, the Settlement Agreement or Payment Plan prior to the date required for such payment.

d) Stephen Thomas shall make semi-annual payments pursuant to this Payment Plan by sending to the Independent Fiduciary (a) one check for Seventy-Five Percent (75%) of the payment amount, as set forth in Sections 3(a) and 3(b) above, made payable to the Gagne ESOP, and (b) one check for Twenty-Five Percent (25%) of the payment amount, as set forth in Sections 3(a) and 3(b) above, made payable to the FLW ESOP.

4. Stephen Thomas shall make semi-annual payments under this Payment Plan on December 31st and June 30th of each calendar year (each an, "Installment Payment Date") beginning in calendar year 2011 and continuing through the date that the Gagne ESOP Principal Amount and the FLW ESOP Principal Amount plus all accrued interest (as set forth in Section 5(c) of the Consent Order and Section 7(c) of the Settlement Agreement) are paid in full. Such payments shall be based on Stephen Thomas's Annual Gross Income for the preceding calendar year as set forth in Section 3 above.

5. a) Stephen Thomas shall submit to the Secretary the following documents on June 30th of each calendar year beginning in calendar year 2012 and continuing through the calendar year in which the Gagne ESOP Principal Amount and

the FLW ESOP Principal Amount plus all accrued interest (as set forth in Section 5(c) of the Consent Order and Section 7(c) of the Settlement Agreement) are paid in full:

      i.      Federal and state income tax returns (including all schedules) filed by Stephen Thomas for the previous calendar year;

      ii.      Federal and state income tax returns (including all schedules) filed by any Associated Entity for the previous calendar year;

      iii.      Financial documents relating to any Associated Entity including, but not limited to, general ledgers, bank statements, loans and payroll records for the previous calendar year that Stephen Thomas has the right to provide to third parties;

      iv.      Additional documentation sufficient to establish all elements of Stephen Thomas's Annual Gross Income (as set forth in Section 1 above) for the previous calendar year; and

      v.      A confidential Declaration of Financial Status in the form attached hereto as Appendix 1.

      b)      Stephen Thomas shall also submit to the Secretary any additional financial documentation as may be requested in writing by the Secretary to establish Stephen Thomas's Annual Gross Income for the applicable calendar year. Stephen Thomas shall cooperate in answering any questions regarding the financial information and/or documentation that he submits to the Secretary pursuant to the Consent Order, the Settlement Agreement and the Payment Plan.

      6.      All documents and information required to be provided to the Secretary pursuant to the Payment Plan shall be submitted by Stephen Thomas in accordance with

the provisions of Section 11 of the Consent Order and Section 16 of the Settlement Agreement.

7.    If the Secretary determines that Stephen Thomas has transferred funds to another person or entity to avoid paying the amounts due under the Settlement Agreement, the amounts so diverted shall be included in the amount of Stephen Thomas's Annual Gross Income for the calendar year in which the transfer was completed. Nothing herein shall limit the ability of the Secretary to take other legal action in relation to such a diversion.

8.    a)    The following shall constitute an "Event of Default" by Stephen Thomas under the Consent Order, the Settlement Agreement and the Payment Plan:

i.    The failure to pay any amount under the Consent Order, the Settlement Agreement or the Payment Plan within ten (10) days after the date due;

ii.    The failure to timely pay the costs and expenses of administering the Gagne ESOP and/or FLW ESOP, including, without limitation, all fees and expenses incurred in connection with the Independent Fiduciary;

iii.    Any material misrepresentation or material omission in any statement or document provided by Stephen Thomas to the Secretary pursuant to the Consent Order, the Settlement Agreement or the Payment Plan; or

iv.    The failure to satisfy any other obligation charged to Stephen Thomas under the Consent Order, the Settlement Agreement or the Payment Plan (including, without limitation, any failure to submit documentation in accordance with Section 5 above, or any failure to cooperate with the Secretary) and failure to cure the same within thirty (30) days after the Secretary provides a default notice to Stephen

Thomas in accordance with Section 11 of the Consent Order and Section 16 of the Settlement Agreement. Any default notice from the Secretary pursuant to this Section 8(a)(iv) shall notify Stephen Thomas in writing of any asserted default, the basis for it, and the actions required to cure it. Stephen Thomas shall have thirty (30) days after the delivery of any such notice of default (as set forth in Section 11 of the Consent Order and Section 16 of the Settlement Agreement) to cure the default.

    b)  Upon the occurrence of any Event of Default, all unpaid amounts under the Consent Order, the Settlement Agreement and this Payment Plan shall become immediately due and payable.

    9.  This Payment Plan shall terminate upon the later of the following events: (i) Stephen Thomas has remitted both the full Gagne ESOP Principal Amount and the full FLW ESOP Principal Amount, plus all accrued interest (as set forth in Section 5(c) of the Consent Order and Section 7(c) of the Settlement Agreement) to the Independent Fiduciary for the benefit of the Gagne ESOP and FLW ESOP, respectively; and, (ii) all defaults and/or Events of Default of the terms of the Consent Order, the Settlement Agreement and/or the Payment Plan have been cured by Stephen Thomas.