# EXHIBIT C

Settlement Agreement

(see attached)

<u>**SETTLEMENT AGREEMENT**</u>

This Settlement Agreement (the "<u>Agreement</u>") is entered into by and between Stephen Thomas and the Secretary of Labor, United States Department of Labor (the "<u>Secretary</u>", collectively Stephen Thomas and the Secretary, the "<u>Parties</u>").

1.    This Agreement is being entered into simultaneously with the execution of a consent order by and between the Secretary and Stephen Thomas (the "<u>Consent Order</u>") which resolves all matters in controversy in civil case number 1:11-cv-00326-JEJ filed by the Secretary against Stephen Thomas in the United States District Court for the Middle District of Pennsylvania pertaining to Stephen Thomas's failure to fulfill his fiduciary duties as a trustee and fiduciary of the Gagne Precast Concrete Products Inc. Employee Stock Ownership Plan (the "<u>Gagne ESOP</u>") in violation of §§ 404 and 406 of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et. seq.* ("<u>ERISA</u>").[1]

2.    The Secretary has conducted an investigation of the Frank L. Woodworth, Inc. ("<u>FLW</u>") Employee Stock Ownership Plan (the "<u>FLW ESOP</u>"; the Gagne ESOP and the FLW ESOP are referred to collectively herein as the "<u>Plans</u>").

3.    The Parties to this Agreement have agreed to resolve and settle all matters in controversy relating to the FLW ESOP.

4.    a)    The Independent Fiduciary (as defined in Section 4(b) below) shall be appointed to serve as the trustee and fiduciary of the FLW ESOP. The Independent Fiduciary shall be appointed on the date of entry of the Consent Order by the court (the "<u>Entry Date</u>") and shall continue to serve as the trustee and fiduciary of the FLW ESOP until the completion of all

---

[1] The Consent Order is attached to this Agreement as <u>Exhibit C</u>. <u>Exhibit A</u> to this Agreement is the Agreement to Be Appointed as Independent Fiduciary, as set forth in Section 4(b) below, and <u>Exhibit B</u> to this Agreement is the Payment Plan, as set forth in Section 7(b) below.

of the following: (i) the FLW ESOP Principal Amount (as defined in Section 6 below) and all

accrued interest due to the FLW ESOP (as set forth in Section 7(c) below) are paid in full, (ii) the

FLW ESOP is terminated, and (iii) all money has been distributed to the participants of the FLW

ESOP pursuant to this Agreement and ERISA.

   b)   Northeast Retirement Services (hereinafter, the "Independent Fiduciary")

has agreed to accept the duties of the Independent Fiduciary as of the Entry Date.  An Agreement

to Be Appointed as Independent Fiduciary is attached to this Agreement as Exhibit A.  The

Agreement to Be Appointed as Independent Fiduciary attached hereto as Exhibit A sets forth the

duties and responsibilities of the Independent Fiduciary, is hereby incorporated as part of this

Agreement and, with respect to the portions pertaining to the FLW ESOP, is fully enforceable as

part of this Agreement.[2]

   5.   a)   Stephen Thomas agrees to cooperate with the Independent Fiduciary and

to provide the Independent Fiduciary with information and documents in his possession or

control that the Independent Fiduciary may request in order to administer and/or terminate the

FLW ESOP.

   b)   Stephen Thomas hereby resigns from his position as trustee of the FLW

ESOP and resigns from his position in any other fiduciary capacity with respect to the FLW

ESOP, except to the extent there are any accounts in the name or for the benefit of the FLW

ESOP.  If there are any accounts in the name or for the benefit of the FLW ESOP, then Stephen

Thomas shall transfer all such accounts to an account established in the name of the Independent

Fiduciary for the benefit of the FLW ESOP within fifteen (15) days after the Entry Date.  When

said transfer is complete and the Independent Fiduciary has control of all funds of the FLW

---

[2] The Agreement to Be Appointed as the Independent Fiduciary, attached hereto as Exhibit A, pertains to both the Gagne ESOP and the FLW ESOP.

2

ESOP, Stephen Thomas shall provide the Secretary with a copy of his resignation as trustee and fiduciary of the FLW ESOP (as required by this Section 5(b)) in accordance with Section 16 below, within ten (10) days after said resignation.   Nothing in this Agreement affects any rights that Stephen Thomas may have to enforce claims against third parties for losses arising during the time that he served as a trustee of the FLW ESOP.

        c)    Stephen Thomas agrees to be responsible for all costs associated with the administration of the FLW ESOP, including, without limitation, all fees and expenses incurred in connection with the Independent Fiduciary with respect to the FLW ESOP.  The Independent Fiduciary shall submit an invoice to Stephen Thomas for all costs associated with the administration of the FLW ESOP, including, without limitation, all fees and expenses, on an annual or semi-annual basis.  Stephen Thomas shall pay the Independent Fiduciary the full invoice amount within thirty (30) days of receiving the invoice.

      6.    Stephen Thomas shall pay a total of Seventy-Five Thousand and 00/100 Dollars ($75,000.00) (the "FLW ESOP Principal Amount") to the FLW ESOP.  The FLW ESOP Principal Amount shall be paid in accordance with Section 7 of this Agreement.

      7.    Stephen Thomas agrees to make payment in the following manner:

        a)    A check shall be made out to the FLW ESOP in the amount of Seventy-Five Thousand and 00/100 Dollars ($75,000.00) and transmitted to the Independent Fiduciary.

        b)    Stephen Thomas shall pay the FLW ESOP Principal Amount on or before the date that is thirty (30) days after the Entry Date (the "Payment Date"); provided, however, that if Stephen Thomas does not pay the FLW ESOP Principal Amount on or before the Payment Date based upon a documented inability to pay the FLW ESOP Principal Amount in full at this time, Stephen Thomas shall pay all remaining unpaid portions of the FLW ESOP Principal

Amount, plus all accrued interest (as set forth in Section 7(c) below), in accordance with the payment plan attached hereto as Exhibit B (the "Payment Plan"). The Payment Plan attached hereto as Exhibit B is hereby incorporated into this Agreement and, with respect to the portions pertaining to the FLW ESOP, is fully enforceable as part of this Agreement.[3]

   c)  If the FLW ESOP Principal Amount is not paid in full on or before the Payment Date, interest shall accrue from and after the Payment Date on all unpaid portions of the FLW ESOP Principal Amount at a rate of Three Percent (3%) per annum, compounded annually.

  8.  a)  All monies paid to the Independent Fiduciary pursuant to this Agreement shall be held by the Independent Fiduciary in trust. The Independent Fiduciary shall make periodic distributions (in its discretion) or hold the funds until the full amount of the FLW ESOP Principal Amount, plus all accrued interest due to the FLW ESOP (as set forth in Section 7(c) above), is received by the Independent Fiduciary.

   b)  Within thirty (30) days after receipt of the full amount of the FLW ESOP Principal Amount, plus all accrued interest due to the FLW ESOP (as set forth in Section 7(c) above), the Independent Fiduciary shall terminate the FLW ESOP. On or before that date, the Independent Fiduciary shall distribute the full FLW ESOP Principal Amount (plus all accrued interest pursuant to Section 7(c) above) to the participants and beneficiaries of the FLW ESOP. Any partial distributions to be made at any time prior to the FLW ESOP's termination date will be determined by the Independent Fiduciary consistent with the plan documents and ERISA.

  9.  As required by ERISA, the Secretary shall assess, by letter, a penalty pursuant to ERISA § 502(l) in the amount of 20% of the "applicable recovery amount" as defined in ERISA § 502(l)(2). The Parties agree that the "applicable recovery amount" shall be the FLW ESOP Principal Amount (as defined in Section 6 above). Stephen Thomas and the Secretary have

---

[3] The Payment Plan, attached hereto as Exhibit B, pertains to both the Gagne ESOP and the FLW ESOP.

entered into a compromise of said penalty reducing the amount payable by Stephen Thomas

pursuant to ERISA § 502(l) by 50%. Stephen Thomas, therefore, agrees to pay a penalty in the

amount of 10% of the "applicable recovery amount" as defined in ERISA § 502(l)(2), except to

the extent that he is granted a waiver based on ERISA §§ 502(l)(3)(A) or (B), as determined by

the Secretary in her sole discretion. As part of this Agreement, Stephen Thomas agrees to waive

any other defenses or appeals if such waivers are denied by the Secretary, or if Stephen Thomas

fails to seek said waivers within the time set forth in the assessment letter. This Agreement, or a

copy thereof, may be used as evidence of Stephen Thomas's waiver of further defenses or

appeals and his agreement to pay 10% of the "applicable recovery amount" pursuant to ERISA §

502(l).

     10.    Each party shall bear its own fees, costs, and expenses with respect to this

Agreement.

     11.    The Parties agree that, if Stephen Thomas fails to fully comply with any provision

of this Agreement, the Secretary may, at her option, initiate such action as she deems

appropriate, including, but not limited to, the filing of a lawsuit to obtain relief under Title I of

ERISA or to enforce the terms of this Agreement.

     12.    In the event Stephen Thomas files for bankruptcy protection in the future, any

amount of unpaid liability set forth in Section 6 above is and shall be treated as a

nondischargeable debt under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

Stephen Thomas shall not object to the Secretary's filing of a complaint for nondischargeability

pursuant to 11 U.S.C. § 523(a)(4).

     13.    This Agreement is a binding contract and all Parties hereto are bound to perform

hereunder. The obligations of Stephen Thomas shall be binding on him and his assigns, and

Stephen Thomas herein waives any defense that he may have which challenges the enforceability of this Agreement. In light of the underlying ERISA claims of the Secretary, it is understood by the Parties that this Agreement would be enforced in the United States District Court for the Middle District of Pennsylvania.

14.    In the event that the Secretary seeks to enforce this Agreement in the United States District Court for the Middle District of Pennsylvania, the Secretary shall provide Stephen Thomas notice of the filing of the Complaint via certified mail to the address set forth in Section 16 herein. Stephen Thomas agrees to waive the requirements of Rule 4, Federal Rules of Civil Procedure, as to service of summons upon him. Stephen Thomas further agrees and hereby admits to the jurisdiction of the United States District Court for the Middle District of Pennsylvania over him and over the subject matter of an action to enforce this Agreement.

15.    Nothing in this Agreement is binding on any government agency other than the United States Department of Labor.

16.    a)    All notices, reports, or other such documents required by this Agreement, including those required by the Payment Plan attached hereto as Exhibit B, shall be sent by certified mail to the Parties at the following addresses or to such other persons as a party may designate in writing in the future:

> For notices to Stephen Thomas:
>
> Kevin E. Reed, Esq.
> 136 Marrakesh
> Memphis, TN 38103
>
> For notices and documents to the Secretary:
>
> Edward Maloney, Acting Regional Director
> Boston Area Office
> Employee Benefits Security Administration
> JFK Federal Building, Room 575

6

Boston, MA 02203

With a Copy to:

Scott M. Miller, Attorney
United States Department of Labor
Office of the Solicitor
JFK Federal Building, Room E375
Boston, MA 02203

      b)      All notices, reports, or other such documents provided in accordance with this Section 16 shall be deemed to be delivered upon mailing.

      17.      This Agreement constitutes the entire Agreement between the Parties with respect to its subject matter and supersedes any prior understanding, whether oral or in writing, that any party may claim exists. This Agreement may not be amended or modified except by a writing signed by both Parties.

      18.      Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Agreement.

      19.      Failure by the Secretary to seek enforcement of any provision of this Agreement, or of the Payment Plan attached as Exhibit B hereto, shall not be construed as a waiver of such enforcement with regard to that provision or any other provision.

      20.      The Secretary, on behalf of the United States Department of Labor, hereby releases Stephen Thomas, individually and as a trustee of the FLW ESOP, from any and all of the Secretary's civil claims and causes of action pursuant to ERISA relating to the Department's investigation of the FLW ESOP.

7

Agreed to by:

For the U.S. Department of Labor, Hilda L. Solis, Secretary of Labor:

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

Syma Ahmad
Attorney

11-4-2011
Date

U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
Tel: 617-565-2500
Fax: 617-565-2142
Ahmad.syma@dol.gov

For Stephen W. Thomas:

Stephen W. Thomas

10/18/11
Date

Kevin E. Reed: TN 018430
Attorney for Stephen Thomas
136 Marrakesh
Memphis, TN 38103
Phone: 901-634-2733
kevinereed@gmail.com

10/14/11
Date

8

## EXHIBIT A

Agreement to Be Appointed as Independent Fiduciary

(see attached)

## AGREEMENT TO BE APPOINTED AS INDEPENDENT FIDUCIARY

1. Northeast Retirement Services ("NRS"), 4A Gill Street, Woburn, MA 01801 hereby agrees to be appointed as the Trustee and Independent Fiduciary for the Gagne Precast Concrete Products, Inc. Employee Stock Ownership Plan ("Gagne ESOP") and the Frank L. Woodworth, Inc. Employee Stock Ownership Plan ("FLW ESOP", collectively Gagne ESOP and FLW ESOP hereinafter referred to as, the "Plans") in accordance with (a) the Consent Order by and between Stephen Thomas and Hilda S. Solis, Secretary of Labor (the "Secretary"), which resolves all matters in controversy in civil case number 1:11-cv-00326-JEJ filed by the Secretary against Stephen Thomas in the United States District Court for the Middle District of Pennsylvania pertaining to the Gagne ESOP and (b) the Settlement Agreement by and between Stephen Thomas and the Secretary executed concurrently therewith and pertaining to the FLW ESOP. The Independent Fiduciary shall have the following powers, duties responsibilities:

a.    The Independent Fiduciary shall have responsibility and authority for administering and terminating the Plans. Such administration and termination shall be made in accordance with the Plans' existing governing documents. In carrying out its responsibilities hereunder, the Independent Fiduciary shall follow the applicable guidance provided under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.*, ("ERISA"), and the Internal Revenue Code (the "Code"). Unless otherwise informed by the Court, the Independent Fiduciary shall assume that the Plans are "Qualified" plans, exempt from taxation under the Code.

b.    The Independent Fiduciary's responsibilities and authority with respect to the Plans shall include, but not be limited to: (i) allocating semi-annual payments made by Stephen Thomas to the Gagne ESOP and FLW ESOP in accordance with the Payment Plan

attached as Exhibit B to the Consent Order and Settlement Agreement; (ii) communicating with the participants regarding the Plans and their disbursal options; (iii) calculating the participants' account balances and determining all questions of eligibility for and amount of the Plans' benefits; (iv) working with the Plans' custodians to make benefit disbursements and withholding and remitting the appropriate taxes thereon; (v) liquidating the Plans' assets; (vi) terminating the Plans; (vii) complying with the appropriate records retention requirements of ERISA; (viii) adopting such rules and procedures as are helpful or necessary to carrying out its duties; and (ix) filing appropriate documents if required with the Internal Revenue Service and Department of Labor.

c.    The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate the participants or beneficiaries of the Plans who are eligible to receive a payment under the terms of the Plans and to disburse to such eligible participants or beneficiaries the payment to which he or she is entitled; provided, however that the Independent Fiduciary may rely upon the procedures for locating lost participants that are described in Field Assistance Bulletin 2004-02 of the Employee Benefits Security Administration, entitled "Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans."

d.    The Independent Fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control including that information contained in the records of the Plans' custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets. The Independent Fiduciary may rely on any document, certificate, statement or other written representation made in the Plans' records, by Stephen Thomas, or by Blue Ridge ESOP Associates, that the Independent Fiduciary in good faith believes to be genuine, and or any certificate, statement, report or other representation made to it by any agent, attorney, accountant

or other expert retained by the Independent Fiduciary in connection with the liquidation and termination of the Plans.

e.    For the services performed pursuant to this Consent Order, the Independent Fiduciary shall receive compensation from Stephen Thomas in the annual amount of $2,500 for fees plus actual expenses. Actual expenses shall not exceed $700 annually. The Independent Fiduciary shall invoice Stephen Thomas annually or semi-annually for payment of such fees and expenses.

f.    The Independent Fiduciary shall not be responsible for the following activities:

(i)    examining the entire history of the Plans' operations for instances of noncompliance with applicable law;

(ii)    identifying or collecting overpayments that may have been made by the Plans prior to NRS' acceptance of office;

(iii)    involving the Plans in bankruptcy or other judicial or administrative proceedings applicable to the Plans' sponsors or any of its affiliates;

(iv)    initiating suit or attempting to locate and collect amounts from prior fiduciaries; or

(v)    amendment of the Plans for compliance with applicable law.

g.    With respect to omissions or errors that occurred, or are logically attributable to events that occurred, prior to the effective date of this Consent Order, the Independent Fiduciary shall not be liable for (i) any fines or penalties imposed by a governmental entity or agency of competent jurisdiction, (ii) restoration of missed profits, (iii) losses incurred, or (iv) judgments.

2.    The Independent Fiduciary's appointment shall become effective on the date that the Consent Order is entered. The Independent Fiduciary's appointment shall terminate upon the first to occur of: (i) the removal of the Independent Fiduciary from that office by the Court, (ii)

the resignation of the Independent Fiduciary from that office provided that the Independent

Fiduciary finds an acceptable replacement Independent Fiduciary and, with notice to the

Regional Director of the Employee Benefits Security Administration of the U.S. Department of

Labor, John F. Kennedy Federal Building, Room 575, Boston, Massachusetts 02203, moves this

Court to have the replacement Independent Fiduciary appointed; or (iii) Stephen Thomas's

payment of the full Gagne ESOP Principal Amount and full FLW ESOP Principal Amount as

defined in the Consent Order and Settlement Agreement, and all accrued interest due to the Plans

pursuant to Section 5(c) of the Consent Order and Section 7(c) of the Settlement Agreement, the

liquidation and distribution of the Plans' assets and the completion of all related tasks.

  NRS agrees to be appointed Independent Fiduciary of the Gagne ESOP and the FLW

ESOP, and to carry out the responsibilities as set forth above and ordered by the Court.

Date: 10/31/11

Thomas Forese, Jr.
Northeast Retirement Services
4A Gill Street
Woburn MA  01801

Subscribed and sworn to before me this
31 day of October 2011

Notary Public
My Commission expires June 24, 2013

## **EXHIBIT B**

### Payment Plan

(see attached)

## EXHIBIT B

Payment Plan

This "Payment Plan," as set forth below, is incorporated into (a) the Consent Order by and between Stephen Thomas and the Secretary which resolves all matters in controversy in civil case number 1:11-cv-00326-JEJ filed by the Secretary against Stephen Thomas in the United States District Court for the Middle District of Pennsylvania pertaining to the Gagne ESOP and (b) the Settlement Agreement by and between Stephen Thomas and the Secretary executed concurrently therewith and pertaining to the FLW ESOP. This Payment Plan is fully enforceable as part of said Consent Order, with respect to the Gagne ESOP only, and said Settlement Agreement, with respect to the FLW ESOP only. All capitalized terms used in this Payment Plan and not defined herein shall have the meaning ascribed to them in the Consent Order and the Settlement Agreement.

The Secretary has agreed to the Payment Plan based upon a review of a financial affidavit made by Stephen Thomas on August 19, 2011 and signed under the pains and penalties of perjury under 28 U.S.C. § 1746. If the Secretary discovers that said financial affidavit includes any misrepresentations, material omissions or material inaccuracies, or if the Secretary discovers that Stephen Thomas has fraudulently conveyed money, property or goods to anyone else to avoid disclosure on said financial affidavit, then all outstanding amounts due under the Consent Order and Settlement Agreement shall become immediately due and owing.

1.    The term "Annual Gross Income" as used in this Payment Plan shall mean the sum of all of the following for Stephen Thomas for each specific calendar year:

a)       adjusted gross income as defined in the Internal Revenue Code for the filing of federal personal income taxes.

b)       PLUS all cash and cash equivalent bequests, legacies or inheritances to the extent that the same exceed One Thousand Five Hundred and 00/100 Dollars ($1,500.00) in value; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(b).

c)       PLUS all cash and cash equivalent gifts received by Stephen Thomas to the extent that the same exceed One Thousand Five Hundred and 00/100 Dollars ($1,500.00) in value; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(c).

d)       PLUS all proceeds from the sale or refinancing of any real property owned by Stephen Thomas; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(d).

e)       PLUS all other income received by Stephen Thomas from any source, foreign or domestic, including but not limited to winnings, off-shore investments, bartering for services, sales of assets, proceeds from life insurance, settlements, proceeds or distributions from trusts, and any other income received; provided, however that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(e).

f)       PLUS fifty percent (50%) of any net proceeds from the sale or refinancing of the residence and/or real property located at 105 Autumnwood Avenue, York, Pennsylvania 17404; provided, however, that any such amounts already included under Section 1(a) above shall not be included again under this Section 1(f).

2.      Stephen Thomas agrees that he will not employ his spouse with any business or Associated Entity in which he possesses an ownership and/or beneficial interest. For the purposes of this Payment Plan, "Associated Entity" shall mean any corporation, limited liability company, partnership, trust, or other business association or entity in which Stephen Thomas holds an ownership interest, or any other beneficial interest, for which Stephen Thomas serves as an officer, trustee, director, member, or manager, or which employs Stephen Thomas.

3.      Stephen Thomas shall make payments to the Independent Fiduciary as follows:

a)      During the period commencing on December 31, 2011 and ending on June 30, 2016, Stephen Thomas shall pay the following amounts on each Installment Payment Date (as defined in Section 4 below):

| Annual Gross Income for previous calendar year | Payment amount due on each Installment Payment Date |
|---|---|
| $0 - $75,000.00 | $4,500.00 |
| $75,000.01 - $100,000.00 | + 7% of Annual Gross Income between $75,000.01 and $100,000.00 for the previous calendar year |
| $100,000.01 - $150,000.00 | + 10% of Annual Gross Income between $100,000.01 and $150,000.00 for the previous calendar year |
| Above $150,000.01 | + 15% of Annual Gross Income over $150,000.01 for the previous calendar year |
|  | = Total payment due on each Installment Payment Date |

For the purposes of illustration, pursuant to Section 3(a) of this Payment Plan, if Stephen

Thomas's Annual Gross Income in calendar year 2011 is $200,000, then Stephen Thomas

shall pay the following amounts on each Installment Payment Date (as defined in Section

4 below) in calendar year 2012:

| Calculation of payment amount due on each Installment Payment Date | Comment |
|---|---|
| $4,500.00 | $4,500.00 is the minimum payment amount. This amount is due for Stephen Thomas's Adjusted Gross Income between $0 and $75,000.00. |
| + $1,750.00 | $1,750.00 = ($100,000.00 - $75,000.01 = $24,999.99) * 7%; This amount is due for Stephen Thomas's Adjusted Gross Income between $75,000.01 and $100,000.00. |
| + $5,000.00 | $5,000.00 = ($150,000.00 - $100,000.01 = $49,999.99) * 10%; This amount is due for Stephen Thomas's Adjusted Gross Income between $100,000.01 and $150,000.00. |
| + $7,500.00 | $7,500.00 = ($200,000.00 - $150,000.01 = $49,999.99) * 15%; This amount is due for Stephen Thomas's Adjusted Gross Income between $150,000.01 and $200,000.00. |
| = $18,750.00 | Total payment due on each Installment Payment Date |

b)      During the period commencing on July 1, 2016 and ending on the

date that the Gagne ESOP Principal Amount and the FLW ESOP Principal Amount, plus

all accrued interest (as set forth in Section 5(c) of the Consent Order and Section 7(c) of

the Settlement Agreement) are paid in full, Stephen Thomas shall pay the following amounts on each Installment Payment Date (as defined in Section 4 below):

| Annual Gross Income for previous calendar year | Payment amount due on each Installment Payment Date |
|---|---|
| $0 - $150,000.00 | $19,500.00 |
| Above $150,000.01 | +  15% of Annual Gross Income over $150,000.01 for the previous calendar year |
|  | = Total payment due on each Installment Payment Date |

For the purposes of illustration, pursuant to Section 3(b) of this Payment Plan, if Stephen Thomas's Annual Gross Income in calendar year 2017 is $200,000, then he shall pay the following amounts on each Installment Payment Date in calendar year 2018:

| Calculation of payment amount due on each Installment Payment Date | Comment |
|---|---|
| $19,500.00 | $19,500.00 is the minimum payment amount.  This amount is due for Stephen Thomas's Adjusted Gross Income between $0 and $150,000.00. |
| +  $7,500.00 | $7,500.00 = ($200,000.00 - $150,000.01 = $49,999.99) * 15%; This amount is due for Stephen Thomas's Adjusted Gross Income between $150,000.01 and $200,000.00. |
| =  $27,000.00 | Total payment due on each Installment Payment Date |

c)      The payment amounts set forth in Sections 3(a) and 3(b) above represent the minimum payments due on each Installment Payment Date (as defined in Section 4 below). Stephen Thomas may, in his own discretion, elect to prepay any amount due under the Consent Order, the Settlement Agreement or Payment Plan prior to the date required for such payment.

d)      Stephen Thomas shall make semi-annual payments pursuant to this Payment Plan by sending to the Independent Fiduciary (a) one check for Seventy-Five Percent (75%) of the payment amount, as set forth in Sections 3(a) and 3(b) above, made payable to the Gagne ESOP, and (b) one check for Twenty-Five Percent (25%) of the payment amount, as set forth in Sections 3(a) and 3(b) above, made payable to the FLW ESOP.

4.      Stephen Thomas shall make semi-annual payments under this Payment Plan on December 31st and June 30th of each calendar year (each an, "Installment Payment Date") beginning in calendar year 2011 and continuing through the date that the Gagne ESOP Principal Amount and the FLW ESOP Principal Amount plus all accrued interest (as set forth in Section 5(c) of the Consent Order and Section 7(c) of the Settlement Agreement) are paid in full. Such payments shall be based on Stephen Thomas's Annual Gross Income for the preceding calendar year as set forth in Section 3 above.

5.      a)      Stephen Thomas shall submit to the Secretary the following documents on June 30th of each calendar year beginning in calendar year 2012 and continuing through the calendar year in which the Gagne ESOP Principal Amount and

the FLW ESOP Principal Amount plus all accrued interest (as set forth in Section 5(c) of the Consent Order and Section 7(c) of the Settlement Agreement) are paid in full:

       i.      Federal and state income tax returns (including all schedules) filed by Stephen Thomas for the previous calendar year;

       ii.      Federal and state income tax returns (including all schedules) filed by any Associated Entity for the previous calendar year;

       iii.      Financial documents relating to any Associated Entity including, but not limited to, general ledgers, bank statements, loans and payroll records for the previous calendar year that Stephen Thomas has the right to provide to third parties;

       iv.      Additional documentation sufficient to establish all elements of Stephen Thomas's Annual Gross Income (as set forth in Section 1 above) for the previous calendar year; and

       v.      A confidential Declaration of Financial Status in the form attached hereto as Appendix 1.

       b)      Stephen Thomas shall also submit to the Secretary any additional financial documentation as may be requested in writing by the Secretary to establish Stephen Thomas's Annual Gross Income for the applicable calendar year.  Stephen Thomas shall cooperate in answering any questions regarding the financial information and/or documentation that he submits to the Secretary pursuant to the Consent Order, the Settlement Agreement and the Payment Plan.

       6.      All documents and information required to be provided to the Secretary pursuant to the Payment Plan shall be submitted by Stephen Thomas in accordance with

the provisions of Section 11 of the Consent Order and Section 16 of the Settlement

Agreement.

      7.    If the Secretary determines that Stephen Thomas has transferred funds to

another person or entity to avoid paying the amounts due under the Settlement

Agreement, the amounts so diverted shall be included in the amount of Stephen Thomas's

Annual Gross Income for the calendar year in which the transfer was completed. Nothing

herein shall limit the ability of the Secretary to take other legal action in relation to such a

diversion.

      8.    a)    The following shall constitute an "Event of Default" by Stephen

Thomas under the Consent Order, the Settlement Agreement and the Payment Plan:

          i.    The failure to pay any amount under the Consent Order, the

Settlement Agreement or the Payment Plan within ten (10) days after the date due;

          ii.    The failure to timely pay the costs and expenses of

administering the Gagne ESOP and/or FLW ESOP, including, without limitation, all fees

and expenses incurred in connection with the Independent Fiduciary;

          iii.    Any material misrepresentation or material omission in any

statement or document provided by Stephen Thomas to the Secretary pursuant to the

Consent Order, the Settlement Agreement or the Payment Plan; or

          iv.    The failure to satisfy any other obligation charged to

Stephen Thomas under the Consent Order, the Settlement Agreement or the Payment

Plan (including, without limitation, any failure to submit documentation in accordance

with Section 5 above, or any failure to cooperate with the Secretary) and failure to cure

the same within thirty (30) days after the Secretary provides a default notice to Stephen

Thomas in accordance with Section 11 of the Consent Order and Section 16 of the

Settlement Agreement. Any default notice from the Secretary pursuant to this Section

8(a)(iv) shall notify Stephen Thomas in writing of any asserted default, the basis for it,

and the actions required to cure it. Stephen Thomas shall have thirty (30) days after the

delivery of any such notice of default (as set forth in Section 11 of the Consent Order and

Section 16 of the Settlement Agreement) to cure the default.

   b)  Upon the occurrence of any Event of Default, all unpaid amounts

under the Consent Order, the Settlement Agreement and this Payment Plan shall become

immediately due and payable.

  9.  This Payment Plan shall terminate upon the later of the following events:

(i) Stephen Thomas has remitted both the full Gagne ESOP Principal Amount and the full

FLW ESOP Principal Amount, plus all accrued interest (as set forth in Section 5(c) of the

Consent Order and Section 7(c) of the Settlement Agreement) to the Independent

Fiduciary for the benefit of the Gagne ESOP and FLW ESOP, respectively; and, (ii) all

defaults and/or Events of Default of the terms of the Consent Order, the Settlement

Agreement and/or the Payment Plan have been cured by Stephen Thomas.

## APPENDIX 1

<u>Declaration of Financial Status</u>

(see attached)

DECLARATION OF FINANCIAL STATUS OF Stephen Wesley Thomas

    I, Stephen W. Thomas, declare under penalty of perjury that the following statement is an accurate and complete representation of my financial status (attach additional pages whenever space provided is insufficient):


I. Name and Residence

    A.   Full Name: Stephen W. Thomas


    B.   Social Security Number: 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


    E.   Your current residence:

105 Autumnwood Ave. York PA 17404

    F.   Your current mailing address (if different from residence):


    G.   Residence area code and telephone number:

     717.292.0790

    H.   Business area code and telephone number:


    I.   Most recent prior residence:


Bel Air, MD

1

II. Occupation and Income

    A.  Current occupation:

    Business Development

    C.  Employer (name, address and telephone number):

    Self-employed

    E.  Length of current employment (if less than one
        year indicate prior employer with address and
        telephone number):

    G.  Self-employment during last three years (name(s),
        dates, location(s), type(s) of business):

    I.  Gross wages, salary and/or commissions per pay
       period:

<u>Period</u>                    <u>Affiant</u>

    J.  Payroll Deductions:   <u>Affiant</u>

        1.  Taxes

            a. Federal

            b. State

2

      c. Local

      d. Social Security

  2. Insurance

  3. Credit Union

  4. Others (specify)


K.  Take home pay per period: <u>Affiant</u>


L.  Employers for last 10 years (name, address and telephone number):


<u>Affiant</u>   2001 Merrill Lynch  , 2002 Morgan Stanley (1yr)  2009 Merrill Lynch (2 months) , Self employed all other times including (Gagne Precast/Frank Woodworth)


M.  Gross wages for last 3 calendar years:

<u>Affiant</u>
Approximately $45k gross wages cumulative over the last 3 calendar years for Stephen Thomas


N.  Wage assignments or allotments (with names, addresses, amounts, total owing):


<u>Affiant</u>

3

O.  Interest for last 3 calendar years:

      <u>Affiant</u>

      NONE


P. Dividends for last 3 calendar years:

      <u>Affiant</u>
      NONE


Q. Other income for last 3 calendar years:

      <u>Affiant</u>
Approximately $50k from distributions and loans from family members.


R. Capital gains or losses for last 3 calendar years:

NONE

      <u>Affiant</u>


S. Social Security payments and/or unemployment compensation for last year:

      <u>Affiant</u>

      none

T. Distributions from Pension, Profit-Sharing, IRA, Keough, Annuity or deferred compensation:

      <u>Affiant</u>


      none

U. Distributions from trust or estate for last 3 years:

<u>Affiant</u>

<u>none</u>

III. Budget

    A.  Currently monthly income:

    1.  Affiant            ___0_____
        Wages, salaries

    3.  Affiant
        Interest__0_____ Dividends_____

    5.  Affiant
         Other income from   $1,500 in loans per month
        from family
        all sources (specify)_____
                        _____

        Other income from        0_____
        all sources (specify)_____family loans
                        _____

    7.  Affiant
        Total monthly income__$1,500

    B.  Currently monthly expenses (Affiant):

    1.  Residence-rent or mortgage $6,200 (home in
foreclosure and owned by spouse)

        2.  Utilities          _$600 paid by spouse

        3.  Food              $400

        4.  Clothing         $50

5

5.  Medical expenses      $100

6.  Insurance (other than that
    deducted from wages)   _____

    a. Auto               _____

    b. Others (specify)   _____

                          _____

                          _____

7.  Transportation
    (specify type)        ___no car

8.  Recreation            none

9.  Dues (not deducted
    from wages)           _____

10. Taxes (not deducted
    from wages)           none

11. Alimony or support
    payments              none

12. Other expenses (specify)_____

    _____      _____

    _____      _____

    _____      _____

    TOTAL (Expenses)      _____

IV. Tax refunds owing or anticipated (Affiant):

    A. Federal            not completed

    B.  State             not completed

V.  Financial Accounts of Affiant and/or Spouse, either
    individually or jointly held, and Revocable Trusts of
    which Affiant and/or Spouse is grantor/settlor (include
    all accounts at domestic and foreign institutions)

6



A.  Savings accounts or certificates of deposit
    (institutions, addresses, account numbers,
    balances):First Capital Federal Credit Union, York
PA (717) 767 - 5551 account number 79362


B.  Checking accounts (institutions, addresses, account
    numbers, balances):none


C.  Money market accounts (institutions, addresses,
    account numbers, balances):none


D.  Safe deposit boxes (institutions, addresses,
    account numbers, balances):none


E.  Vested pension benefits:none


F.  Interest in profit security or thrift plan, IRA,
    Keough, etc.:none


G.  Any other deferred compensation plan:none


H.  Any life insurance policies, including those with
    cash values:none


I.  Annuities:none


7

VI. Available Credit (list all lines of credit, including
    credit cards, of Affiant)none

Name of Financial          Credit Line          Available Credit
Institution

VII. Transfers of property to or from Affiant and/or Spouse
     during the last four years, including but not limited
     to any transfers to other family members

     None

     A.  Gifts valued in excess of $500 made by affiant
         names and addresses of donees, dates,
         description, value of gifts and basis for
         valuation):
         None




     B.  Transfers of property, real or personal (absolute
         or as security) (names, addresses, dates,
         description and value of property transferred,
         basis for valuation, consideration and disposition
         of consideration):None




     C.  Any revocable trust of which affiant is settlor,
         listing the contents thereof: None


8

VIII. Debts (Affiant)

| Creditor's Name and Address | Initial Amount | Security | Repayment Schedule | Current Balance |
|---|---|---|---|---|
| STATE OF MAINE | | | | $250k |
| FRANK L.WOODWORTH | | | | $750k |
| HANOVER ARCH. PRODUCTS | | | | $40K |
| Bank of America | | | | $600 |
| Woodforest Bank | | | | $150 |
| Citizens Bank | | | | $550 |
| Capital One | | | | $600 |

MANY OF THESE DEBTS ARE BEING OR WILL BE CONTESTED BY AFFIANT

IX. Real Property (Affiant and/or Spouse)

| Description: location and nature of interest | Market Value | Amount of Mortgage | Other Mortgage or Security Interest |
|---|---|---|---|
| None | | | |

X. Personal Property (Affiant)

| Description | Market Value | Any Mortgage or Security Interest | Mortgage or Secured Creditor |
|---|---|---|---|
| A. Cars, trucks, boats, other vehicles and their accessories | none | | |

9

B. Household goods,
   appliances and    none
   furnishings

C. Art objects and
   collectibles (e.g.,
   coins, stamps, etc.) none

D. Office equipment,
   furnishings and
   supplies

E. Cash  $2000

F. Cash value and
   interest in
   insurance policies            none

G. Annuities               none

H. Stock and interest
   in incorporated and

10

unincorporated
companies                              none


I. Mutual Fund Shares                  none


J. Interest in                         none
   partnerships
   (limited or general)


K. Equitable and                       none
   future interests


L. Machinery, fixtures                 none
   and supplies used
   in business


M. Tangible personal                   none
   property of any
   other description

11

N. Receivables                none

O. Patents, copyrights,       none
   licenses, franchises,
   and other general

P. Gold and other precious metals        none

Q. Jewelry, precious stones              watch and wedding ring $500

R. Government and             none
   corporate bonds
   and negotiable and
   non-negotiable
   instruments

S. Contingent and un-
   liquidated claims                Over $1mm in judgements and
                                    liabilities against me

T. Other (specify)

       I have reviewed the foregoing information and I declare
under penalty of perjury that it is true, accurate and complete.

_Stephan Thomas_
NAME

Signed before me on the _19th_ day of _aug_, _2011_.

_Cindy W. Mak_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CINDY W. MAK, Notary Public
West Manchester Twp., York County
My Commission Expires Jan. 3, 2015

My commission expires: _Jan 3, 2015_

13

**EXHIBIT C**

Consent Order

(see attached)